ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 09-CR-285

WARREN DEMMIN,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Tammy Jo Hock, Assistant United States Attorney, and the defendant, Warren Demmin, individually and by attorney Tom Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in four counts of a four-count indictment, which alleges violations of Title 29, United States Code, Section 501(c).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the charge contained in Count One as set forth in the indictment.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Warren Demmin worked at Bay Shipbuilding Company (BSB) in Sturgeon Bay, Wisconsin. In 2002, BSB entered into a collective bargaining agreement with Boilermakers Local Lodge 449 (Local 449), a labor organization as defined in 29 U.S.C. § 402(i). Local 449 also has an office located in Sturgeon Bay, in the State and Eastern District of Wisconsin.

From January 2006 through July 1, 2008, Warren Demmin was appointed the part-time Secretary-Treasurer of Local 449. According to the union bylaws, Local 449's part time officers who take time off from their regular jobs to conduct union business are able to be reimbursed by the union for their lost wages (referred to as "lost time"). However, lost time cannot be reimbursed on days an officer works his full shift, nor can an employee seek payment for non-work hours spent conducting union business. To seek reimbursement of lost time, the officer submits a written voucher or claim for reimbursement.

During a compliance audit of Local 449 by the U.S. Department of Labor, payroll records were obtained from BSB for Demmin. The payroll records revealed that Demmin was paid wages by BSB for dates the union also reimbursed him for lost wages. The audit specifically revealed that between January 1, 2006 and June 30, 2008, Demmin submitted lost wage claims for performing union work on days he actually worked for his employer and on days he was on leave or laid off, and therefore, did not lose pay.

From January 1, 2006, to June 30, 2008, Demmin submitted 125 vouchers to Local 449 claiming a total of 2,274 hours in lost time. These vouchers resulted in payments to Demmin totaling $45,927.18. On each voucher, Demmin recorded the date, the hours lost, his hourly rate, and an additional amount (called premium pay) for lost benefits. A comparison of Demmin's claims to BSB's payroll records revealed that 86 of Demmin's claims fell outside of Local 449's reimbursement policy. These claims covered 1,297 hours and totaled $26,647.12. These claims included reimbursement for "lost" wages on dates on which Demmin in fact: (1) had worked hours at and was paid by BSB; (2) was on paid vacation; (3) was on voluntary layoff; and/or (4) was on FMLA leave. These vouchers also included duplicate lost wage claims, claims for lost wages at an inflated pay rate, and claims for lost wages on a Sunday. For example, on April 14, 2008, as set forth in Count One, Demmin submitted a voucher requesting reimbursement of lost wages in the amount of $169.12, when in fact he had worked a full eight hours at BSB and did not have any lost wages.

2

**Statement of Demmin**

Demmin provided a written statement to investigators admitting he was not entitled to $11,788.86 of the union reimbursed lost wage claims. He stated he knew he was not entitled to claim lost wages when he worked his scheduled hours for the day, when he was on paid vacation, and when he was on voluntary layoff. Demmin stated he needed the extra money because his wife was very sick and he needed to pay bills. He disputed the Department of Labor's determination that he was not entitled to reimbursement for lost wages on days he was on family and medical leave because he was not actually paid by his employer on those dates and he performed union business.

He indicated that he did union work on those dates and never told anyone he was claiming wages from the union on dates he was on FMLA leave. He approved his own vouchers and never specifically requested approval from anyone else for reimbursement while he was on FMLA leave. Demmin reported that he thought he was entitled to those lost time wages because he did union work on those dates.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum of five years in prison, a maximum fine of $250,000, a mandatory special assessment of $100.00, and a maximum of three years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraphs 28 and 29 of this agreement.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

3

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of Embezzlement by Union Official of Union Funds as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

*First*, that the defendant was an officer or employee of a labor organization, as defined in 29 U.S.C. § 402(i); and

*Second*, on or about April 14, 2008, the defendant embezzled, stole, or unlawfully and willfully converted to his own use funds or other assets; and

*Third*, that the funds or other assets belonged to the labor organization; and

*Fourth*, that the defendant acted with fraudulent intent.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## SENTENCING GUIDELINES CALCULATIONS

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## RELEVANT CONDUCT

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

5

## BASE OFFENSE LEVEL

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is six under Sentencing Guidelines Manual § 2B1.1(a)(2).

## SPECIFIC OFFENSE CHARACTERISTICS

17. The parties agree to recommend to the sentencing court that a four-level increase for the amount of the loss under Sentencing Guidelines Manual § 2B1.1(b)(1)(C) is applicable to the offense level for the offense charged in Count One.

## ABUSE OF POSITION OF TRUST

18. Pursuant to Sentencing Guidelines Manual § 3B1.3, the parties agree to recommend to the sentencing court that a two-level increase is applicable because the offense to which the defendant is pleading involved the defendant's abuse of a position of private trust, in a manner that significantly facilitated the commission and concealment of the offense.

## ACCEPTANCE OF RESPONSIBILITY

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

## SENTENCING RECOMMENDATIONS

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

6

Case 1:09-cr-00285-WCG   Filed 02/11/10   Page 6 of 14   Document 9

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## COURT'S DETERMINATIONS AT SENTENCING

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction or upon further order of the court. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

26. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial

7

Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## SPECIAL ASSESSMENT

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the court.

## RESTITUTION

28. The defendant agrees to pay restitution as ordered to the Boilermakers Local Lodge 449. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

29. The parties agree to advise the sentencing court that as of December 31, 2009, the defendant has paid restitution in the amount of $14,048.45.

## DEFENDANT'S WAIVER OF RIGHTS

30. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

8

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

9

Case 1:09-cr-00285-WCG   Filed 02/11/10   Page 9 of 14   Document 9

32. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## FURTHER CIVIL OR ADMINISTRATIVE ACTION

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## FURTHER ACTION BY INTERNAL REVENUE SERVICE

39.     Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the indictment.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the

11

applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

41. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2/10/2010

WARREN DEMMIN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/10/2010

TOM PHILLIP
Attorney for Defendant

For the United States of America:

Date: _____

JAMES L. SANTELLE
United States Attorney

Date: 2/10/2010

TAMMY JO HOCK
Assistant United States Attorney

13

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: _____

_____
WARREN DEMMIN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: _____

_____
TOM PHILLIP
Attorney for Defendant

For the United States of America:

Date: 2/10/10

_____
JAMES L. SANTELLE
United States Attorney

Date: _____

_____
TAMMY JO HOCK
Assistant United States Attorney

13