UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 09-CR-285

WARREN DEMMIN,

    Defendant.

**RESTITUTION ORDER**

    Defendant Warren Demmin was convicted of embezzlement of union funds in violation of 29 U.S.C. § 501(c) pursuant to a plea agreement with the Government. During the period from approximately January 1, 2006, through June 30, 2008, while acting as the Secretary-Treasurer for the Union, Demmin had submitted numerous vouchers to Local 449 falsely claiming that he was entitled to reimbursement from the union for wages he lost while performing work for the union. Demmis was sentenced to four months in prison and place on supervision for a term of three years. He was also ordered to pay as restitution a minimum of $14,048.45, which is the amount he agreed to pay in settlement of the Union's grievance against him and which the Union President agreed to accept as full payment. In fact, he had already paid that amount at the time of sentencing. The Court left open the issue of whether Demmin actually owed more than the Union agreed to accept and, if so, whether he should be ordered to pay the greater amount. A hearing on that issue was held on June 15, 2010.

At the hearing, the Government introduced evidence, essentially undisputed by the Demmin, that an additional $12,598.67 was due and owing if Demmin was not entitled to reimbursement for time spent on Union business while he was off work due to leave granted under the Family Medical Leave Act ("FMLA"). The Court held, following arguments by counsel, that reimbursement obtained by Demmin for time spent on FMLA was not reimbursable for the simple reason that he did not miss work because of Union business when he was already off on leave. Accordingly, the full amount embezzled from the Union came to $26,647.12 and not the $14,048.45 Demmin had promised to pay. The Court also found that the agreement entered into with the union was not controlling or binding on the Court on the issue of the amount of restitution owed. Restitution in a criminal case, the Court noted, was based not on contract but on principles of justice and the need to hold the defendant fully accountable for his crime. Specifically, the Court concluded that holding the defendant fully accountable would better serve the interests of justice. At the request of counsel for the defendant, however, the Court also agreed that it would withhold entering the Amended Judgment to allow counsel to undertake further research on the question of whether the agreement with the union was binding.

Counsel thereafter submitted his memorandum regarding restitution on June 22, 2010. Counsel cited several cases, but none of them support the position that a prior agreement with the injured party is binding on a sentencing court in its determination of the amount of restitution owed. In fact, several cases cited by counsel seem to indicate the opposite. In *United States v. Masek*, 588 F.3d 1283, 1290 (10th Cir. 2009), the Tenth Circuit held that a civil settlement does not bar restitution under the Mandatory Victim Restitution Act ("MVRA"). Likewise, the Eleventh Circuit observed in *United States v. Twitty*,

> We reject appellants' argument that their settlement with the RTC in which they were absolved from future liability for the claims which were the subject of the civil suit precludes any restitution order in this case. "Restitution is not a civil matter; it is a criminal penalty meant to have strong deterrent and rehabilitative effect." *United States v. Hairston*, 888 F.2d 1349, 1355 (11th Cir.1989). While a victim's receipt of partial compensation should be considered by the trial court in forming the restitution order, it does not preclude the criminal court from ordering restitution.

107 F3d 1482, 1493 n.12 (11th Cir. 1997).

Likewise in this case, the fact that Demmin entered into an agreement for restitution with the union does not preclude this Court from ordering restitution for the entire amount of the loss. For the reasons set forth on the record and herein, I conclude that the entire loss is $26,647.12. Accordingly, Demmin is ordered to pay restitution in that amount and the Clerk is directed to enter an Amended Judgment reflecting the full amount of restitution to be paid.

**SO ORDERED** this    14th    day of September, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge